IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION

FILED

April 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| EANOS E. HUNT, JR., | * | C.C.A. # 03C01-9603-CC-00126 |
| | * | |
| Appellant, | * | HAMBLEN COUNTY |
| VS. | * | |
| | * | Hon. James E. Beckner, Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Post-Conviction) |
| Appellee. | * | |
| | * | |

For Appellant:

Eanos Earl Hunt, Jr., Pro Se
Northeast Correctional Center
Mountain City, TN 37683-5000

For Appellee:

Charles W. Burson
Attorney General & Reporter

Eugene J. Honea
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner, Eanos Earl Hunt, Jr., appeals from the trial court's summary dismissal of his application for post-conviction relief. The single issue presented on review is whether the trial court erred by finding that the grounds for relief asserted by the petitioner had been previously determined or waived and that the statute of limitations had expired.

We affirm the judgment of the trial court.

In 1983, the petitioner was found guilty of first degree murder and sentenced to life in prison. This court affirmed the conviction in State v. Eanos Earl Hunt, No. 181 (Tenn. Crim. App., at Knoxville, Mar. 18, 1985), appeal denied, June 3, 1985. On June 29, 1995, the petitioner filed this petition alleging violations of newly recognized constitutional rights regarding certain jury instructions.

This is the petitioner's fourth petition for post-conviction relief.[1] Under the 1995 Post-Conviction Act (the act in force at the time the petition was filed), once a petition has been "resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-202(c) (1996 Supp.). The petitioner does not meet any of the limited circumstances in Tenn. Code Ann. § 40-30-217 (1996 Supp.) which would entitle him to reopen his past post-conviction proceeding; therefore, we hold that the trial court properly dismissed the petition.

We also point out that the petitioner claims his issues have never been

---

[1] Eanos Earl Hunt v. State, No. 03C01-9308-CR-00266 (Tenn. Crim. App., at Knoxville, Feb. 3, 1994); State v. Eanos Earl Hunt, No. 308 (Tenn. Crim. App., at Knoxville, May 15, 1990); Eanos Earl Hunt v. State, No. 255 (Tenn. Crim. App., at Knoxville, Feb. 2, 1988).

2

brought before a court. This is untrue. His claims, based upon the holdings in State v. Brown, 836 S.W.2d 530 (Tenn. 1992), Sandstrom v. Montana, 442 U.S. 510 (1979), and Sullivan v. Louisiana, 113 S. Ct. 2079 (1993), already have been considered and rejected by this court. See Hunt, Feb. 3, 1994, slip op. at 4, 5.

The petitioner makes allegations of improper jury instructions regarding the definition of "malice" and "deliberate" and the definition of reasonable doubt. He argues that there were erroneous instructions on the difference between evidence and argument and jurors as "the exclusive judges of the law." "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in a proceeding before a court of competent jurisdiction in which the ground could have been presented ...." Tenn. Code Ann. § 40-30-206(g) (1996 Supp.). "[W]aiver is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney." House v. State, 911 S.W.2d 705, 714 (Tenn. 1995). "[T]he rebuttable presumption of waiver is not overcome by an allegation that the petitioner did not personally and therefore, 'knowingly and understandingly,' waive a ground for relief." Id. Thus, the doctrine of waiver also bars relief.

The petitioner acknowledges that the statute of limitations on his post-conviction claims has expired. The petitioner insists, however, that this court should address the issues for two reasons. First, the petitioner claims that he is entitled to raise his issues because they fall under the Burford[2] exception. We disagree; the petitioner attempts to use the exception to revive claims in existence at the time of his 1994 appeal. Burford applies to give a petitioner a "reasonable opportunity" to

---

[2]Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (holding that "it is possible that under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity [for the petitioner] to have the claimed issue heard and decided").

have his issues "heard and decided." It does not provide a second chance on a claim that has already been previously determined or waived. Second, the petitioner purports that his claim has been revived by the Post-Conviction Procedure Act of 1995[3]. He cites to section 3 of Chapter 207 in the Tennessee Public Acts of 1995 to support his proposition. Compare <u>State v. Arnold Carter</u>, No. 03C01-9509-CC-00270 (Tenn. Crim. App., at Knoxville, July 11, 1996), <u>appeal granted</u>, Dec. 12, 1996, with <u>Wallace Butler v. State</u>, No. 02C01-9510-CC-00297 (Tenn. Crim. App., at Jackson, Nov. 19, 1996). Even if that section offered a new opportunity to file an otherwise barred claim under the statute of limitations, all grounds alleged have been either previously determined or waived.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
William M. Barker, Judge

_____
Curwood Witt, Judge

_____

[3]Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen a petition under this act. Public Acts 1995, Chapter No. 207, § 3.